LOCAL 27, UNITED FOOD AND, COMMERCIAL WORKERS INTERNATIONAL UNION, AFL–CIO, Plaintiff

v.

DELAWARE PARK, LLC, Defendant.

No. CIV.A.02–258–JJF.

United States District Court,
D. Delaware.

June 11, 2003.

Albert M. Greto, Esquire of Tomar, O'Brien, Kaplan, Jacoby & Graziano, Newark, for Plaintiff.

Wendy K. Voss, and Erica L. Niezgoda, Esquires of Potter Anderson & Corroon, L.L.P., Wilmington, for Defendant.

### MEMORANDUM OPINION

FARNAN, District Judge.

Presently before the Court is Defendant's Motion for Summary Judgment (D.I.9). For the reasons set forth below, the motion will be granted.

### I. Background

Defendant, Delaware Park, LLC ("Delaware Park") operates a horse racing and video lottery facility in Stanton Delaware. Plaintiff, Local 27, United Food and Commercial Workers International Union, AFL–CIO (Local "27") is an unincorporated labor organization that represents certain employees employed by Delaware Park. Local 27 and Delaware Park are parties to a Collective Bargaining Agreement ("CBA") that was in effect from January 17, 2000 through January 17, 2002. One of the former employees of Delaware Park, represented by Local 27, and the subject of this litigation, is Patricia Bramante. Ms. Bramante was a booth cashier and union shop steward who was originally hired by Delaware Park in 1996.

On May 10, 2001, Delaware Park asserts that Ms. Bramante committed two violations of policy: 1) she had a variance of $400 as a result of overpaying a patron, because she handed a patron $500 in exchange for $100; and 2) she paid a patron $55.50 to resolve a dispute, when she was only authorized to resolve patron disputes of up to $3.00. (Arbitration Decision ("Arb. Dec.") at D.I. 13, Ex. A at 3–4). As a result of these violations, Delaware Park terminated Ms. Bramante's employment. *Id.* Subsequently, Local 27 filed a grievance on Ms. Bramante's behalf, arguing that the evidence was insufficient to prove that Ms. Bramante was responsible for the $400 variance, and that under the circumstances of the violation involved, termination was an excessive punishment. *Id.* at 13.

In accordance with the CBA between the parties, the grievance was submitted to arbitration. (Arb. Dec. at D.I. 13, Ex. A at 2). A hearing was held before Arbitrator Ernest Weiss ("Arbitrator") on June 15, August 13, and September 7, 2001. In the papers submitted to the Arbitrator, Local 27 requested that Ms. Bramante be awarded full back pay and reinstatement. On or about November 28, 2002, the Arbitrator issued an opinion sustaining the grievance in part and denying it in part. (Arb. Dec. at D.I. 13, Ex. A at 14). Specifically, the Arbitrator found that although Delaware Park had just cause to discipline Ms. Bramante, termination was excessive and the appropriate discipline was a warning and a three day suspension without pay. (Arb. Dec. at D.I. 13, Ex. A at 14). The Arbitrator's Award required Delaware Park to convert the discharge to a written warning and three-day suspension, and to reinstate Ms. Bramante to her former position with back pay, except for the three suspension days. (Arb. Dec. at D.I. 13, Ex. A at 15).

On December 7, 2001, Delaware Park requested that the Arbitrator reconsider his decision. In a decision dated January 5, 2002, the Arbitrator stated, "[h]aving thoroughly considered all the arguments of both parties on the question of reconsideration, I have concluded that my award shall remain as issued. I am now certainly functus officio." (D.I.13, Ex. B). Subsequently, Delaware Park converted the disciplinary action in Ms. Bramante's personnel file to a written warning with a three day suspension, reinstated her to her former position, and prepared *checks* representing the cash value of the wages and benefits that Ms. Bramante would have earned from the date of her termination to her reinstatement, minus the three day suspension. (Myshko Aff. at ¶ 5). Delaware Park prepared a Memorandum to

Ms. Bramante explaining the manner in which her back pay was calculated, and provided a copy to her union representative, Peter Bryant. *Id.* at ¶ 5. Ms. Bramante accepted the reinstatement to her former position, but has not accepted the checks representing back pay. *Id.* at ¶ 6.

Local 27 contends that Ms. Bramante is also entitled to the payment of tips that she would have received during the period of her back pay award. *Id.* Delaware Park contends that Ms. Bramante is not entitled to tips from the back pay period, because tips are not legally part of the "pay" obligation that Delaware Park owes to its employees, including Ms. Bramante. Thus, the issue in this case is whether a back pay award obligates Delaware Park to compensate an employee for tips.

## II. Parties' Contentions

Delaware Park contends that there are no genuine issues of material fact because it has complied with the Arbitrator's Award in that it reinstated Ms. Bramante to her prior position, and issued checks in her name for the back pay it is obligated to pay, which does not include tips from customers. (D.I. 10 at 8). First, Delaware Park argues that Local 27 never presented the arbitrator with the issue of whether tips were its obligation, never briefed the issue, and never presented any evidence or calculations to support an award of tips and the Arbitrator's decision does not address tips, and therefore, Local 27 has waived this issue. *Id.* at 8–9.

Second, Delaware Park contends that even if the Arbitrator did award Ms. Bramante tips, which he did not, any award of tips would have exceeded his authority because Delaware Park is not obligated to pay tips to its employees under the CBA. *Id.* Specifically, Delaware Park argues that it is expressly precluded from any responsibility for tips under the clear terms of the CBA, and because the CBA itself does not support a finding that tips are considered a portion of an employee's wages from Delaware Park, the Arbitrator could not have awarded such relief. *Id.* at 10.

Third, Delaware Park contends that Local 27's past practice precludes it from arguing for a new interpretation of the CBA as it relates to the treatment of tips. *Id.* at 11. Defendant asserts that on occasions when an employee is entitled to pay for periods of time not spent at work (such as paid holidays or paid vacation time), tips are not included as pay for purposes of calculating sums due, nor has Local 27 ever argued that they should be. *Id.* Further, Defendant argues that in negotiations with Local 27 over rates of pay in the CBA, neither party ever suggested that tips be treated as part of an employee's wages due from Delaware Park. *Id.* at 12. Moreover, Delaware Park notes that in prior grievances by similarly situated employees, Surinder Singh, Deborah Cantera, and William Bishop, Local 27 did not contend that tips were included in back pay calculations and Delaware Park never included them in issuing back pay following these grievances. *Id.*

Fourth, Delaware Park contends that Local 27 failed to seek clarification from the arbitrator, as required under Section 25.2(E) of the CBA, and may not ask the Court to interpret the Arbitrator's award. *Id.* at 13.

Finally, Delaware Park contends that there is no basis in Delaware law for the proposition that back pay necessarily includes tips. *Id.* at 14. Specifically, Delaware Park argues that under the Wage Payment and Collection Act, 19 *Del. C.* § 1101, *et seq.*, and the Worker's Compensation Statute, 19 *Del. C.* § 2301, *et seq.*, tips are generally not considered to be pay due from the employer to the employee. *Id.* Delaware Park contends that Delaware

courts have treated tips as wages only in limited circumstances where tips form part of the contractually agreed upon compensation of an employee. *Id.*

Local 27 contends that the Court should enforce the Arbitrator's Award, with tips included as back pay, as a matter of law. (D.I. 13 at 6, 10). Specifically, Local 27 contends that the Arbitrator's Award included full back pay, except for the three suspension days. Local 27 contends that because a significant portion of Ms. Bramante's compensation is in the form of tips, tips should be considered within the purview of the Arbitrator's back pay award. Further, Local 27 contends that various Circuit Courts, including the Third Circuit, have included tips in back pay awards. *Id.* at 11; *see also Atlantic Limousine v. NLRB,* 243 F.3d 711 (3d Cir. 2001); *Bartenders Union, Local 165 v. Las Vegas Sands,* 244 F.3d 1152, 1157 (9th Cir.2001).

Local 27 also contends that tips are considered wages in Delaware. (D.I. 13 at 12). Local 27 points out that under Delaware's Minimum Wage Laws, employees can be paid less than minimum wage by their employer so long as they are engaged in an occupation in which gratuities are customarily part of the compensation. *Id.* (citing *Del. C.* § 902). Local 27 argues that an employee is deemed to be employed by an occupation that customarily includes tips in its compensation package if the employee receives more than thirty dollars a month in tips. (D.I. 13 at 12). In this case, Local 27 argues that Ms. Bramante is entitled to $3.00 per hour in tips, and therefore, she is in an occupation that customarily includes tips as part of her wage package according to Delaware's Minimum Wage Law. *Id.* Additionally, Local 27 contends that its position is further supported by the fact that the CBA between the parties contains a provision on tips. *Id.* Finally, Local 27 argues that arbitration decisions are consistent with the proposition that tips are considered wages. *Id.* at 13.

## III. Applicable Legal Standard

Rule 56(c) of the Federal Rules of Civil Procedure provides that a party is entitled to summary judgment if a court determines from its examination of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," that there are no genuine issues of material fact and "that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). In determining whether there is a triable dispute of material fact, a court must review all of the evidence and construe all inferences in the light most favorable to the non-moving party. *Goodman v. Mead Johnson & Co.,* 534 F.2d 566, 573 (3d Cir.1976). However, a court should not make credibility determinations or weigh the evidence. *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 120 S.Ct. 2097, 2110, 147 L.Ed.2d 105 (2000). Thus, to properly consider all of the evidence without making credibility determinations or weighing the evidence the "court should give credence to the evidence favoring the [non-movant] as well as that evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that evidence comes from disinterested witnesses." *Id.*

To defeat a motion for summary judgment, Rule 56(c) requires the non-moving party to:

do more than simply show that there is some metaphysical doubt as to the material facts.... In the language of the Rule, the non-moving party must come forward with 'specific facts showing that there is a genuine issue for trial.' ... Where the record taken as a whole could

not lead a rational trier of fact to find for the non-moving party, there is 'no genuine issue for trial.' *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Accordingly, a mere scintilla of evidence in support of the non-moving party is insufficient for a court to deny summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

## IV. Discussion

There are no factual disputes asserted by the parties that prohibit a disposition of the tip issue as a matter of law under Rule 56(c), so I will address the legal arguments relied upon by the parties.

### A. The Arbitration Award

■ I conclude that the tip issue was not presented nor addressed by the Arbitrator. The relevant portion of the Award provided, "THE GRIEVANT SHALL BE REINSTATED TO HER FORMER POSITION WITH BACK PAY, EXCEPT FOR THE THREE SUSPENSION DAYS." (D.I. 13, Ex. A at 15).

As a matter of law, a plain reading of the Award as made by the Arbitrator leads me to conclude that the Arbitrator has ordered Delaware Park to provide the pay it is obligated to typically pay an employee (i.e.) wages, not tips. In reaching this conclusion, I am mindful that in the context of an arbitration, an arbitrator could award sums he or she concluded were lost by an employee through the actions of the employer (e.g.) tips. However, it seems clear to me that when an employer is ordered to reinstate an employee and pay "back pay" pay is reasonably construed to mean those amounts the employer is legally responsible for in the context of the employment relationship, in this case an hourly wage, not tips. If Local 27 or the Grievant believed tips by customers and controlled by a separate provision of the parties' CBA, were included in the Arbitrator's Award, Local 27 should have sought specific relief or requested reconsideration by the Arbitrator to clarify the Award regarding the issue of tips. In sum, I conclude that the Arbitration Award does not include tips as part of the back pay award.

### B. The CBA Between the Parties

■ I conclude that the CBA between the parties does not support an award of tips as part of a back pay award in arbitration. Specifically, the CBA states:

Delaware Park shall have no involvement with or responsibility for the actions and/or responsibilities of the Tip Committee, with the exception that Delaware Park agrees to: provide the Tip Committee with a place for the safekeeping of the tip pool; honor reasonable requests by the Tip Committee for supplies and equipment to assist the Tip Committee in maintaining appropriate records and distributing tips; and cover the reasonable cost of printing the Tip Committee procedures manual. Delaware Park agrees to distribute tips through payroll, should the Tip Committee decide to make such an option available. The manner of tip distribution may be changed no more than once annually. The Union shall indemnify and hold Delaware Park harmless with respect to any claims, suits, judgments and/or responsibilities of the Tip Committee, including but not limited to, the distribution of tips. However, Delaware Park shall not be entitled to indemnification with respect to any tip-related activity for which Delaware Park is solely responsible.

(D.I. 13, Ex. E CBA at 52–52). I read the CBA to place responsibility for the collection and disbursement of tips on the Tip Committee and not Delaware Park. I conclude that pursuant to the CBA, Delaware Park has no obligation to pay or subsidize customer tips as a part of its compensation obligation to its employees.

The past practice history between the parties supports this conclusion. For example, Local 27 has never before taken the position that tips are required to be included in back pay calculations for Union members who successfully grieve disputes. (Myshko Aff. at ¶ 11). Also, in negotiations with Local 27 over rates of pay, neither party ever intimated or suggested that tips be treated as part of an employee's wages due from Delaware Park. Additionally, in prior grievances brought by Local 27 regarding similarly situated employees, Surinder Singh, Debra Cantera and William Bishop, Local 27 never took the position that tips are required to be included in back pay calculations, and Delaware Park never included them in issuing back pay checks following successful grievances. *Id.*

### C. Delaware Statutes

■ I have also considered Local 27's argument that tips are wages under Delaware law. Under Delaware law, an employer may choose to treat tips as a portion of an employee's wages to relieve the employer of the obligation to pay the statutory minimum wage out of the employer's own funds. *See* 19 *Del. C.* § 902(b). However, the statute does not treat tips as wages, but provides employers an exception to the minimum wage requirements. There is no evidence or assertion that Delaware Park operated under the exception. In fact, it is undisputed that Ms. Bramante was paid regular wages, above the required minimum wage. *See* Myshko Aff. at ¶¶ 9–10; D.I. 12, Ex. B.

■ Local 27 also relies on Delaware's Unemployment Statute, which provides that tips be calculated in a setting of an employer's pay rate for unemployment compensation purposes. However, Delaware's Unemployment Compensation Statute is not relevant to an arbitration award because the purposes of unemployment compensation and an arbitrator's award are different. For example, the unemployment compensation payments are a portion of the total compensation an employee receives from the employer when employed.

In sum, I conclude that neither the Wage Payment and Collection Act, 19 *Del. C.* § 1101, *et seq.,* nor the Worker's Compensation Statute, 19 *Del. C.* § 2301, *et seq.,* support a conclusion that tips must be paid by an employer to an employee in the context of an arbitrator's back pay award. *See* 19 *Del. C.* § 1101(a)(2) (defining "wages" without reference to gratuities); 19 *Del. C.* § 2302(a) ("wages" do "not include gratuities received from the employer or others...").

### Conclusion

For the reasons discussed, I conclude that Delaware Park is entitled to summary judgment because none of the grounds relied upon by Local 27 support its contention that the Arbitration Award for back pay entered against Delaware Park obligated or required Delaware Park to pay Ms. Bramante the share of customer tips that she lost during her suspension.

An appropriate Order will be entered.

### ORDER

NOW THEREFORE, For The Reasons discussed in the Memorandum Opinion issued this date, IT IS HEREBY ORDERED this 11th day of June 2003, that:

1) Defendant's Motion for Summary Judgment (D.I.9) is **GRANTED.**

2) Plaintiff's Motion for Summary Judgment (D.I.15) is **DENIED.**